## Christian Feigenspan *v.* Augusta Driesigacker, Appellant.

*Fraudulent conveyance—Execution—Ejectment—Sheriff's sale.*

After a levy upon real property in possession of a debtor he cannot, with a view to defeat the execution creditor, transfer the possession even to the real owner, who must pursue his title by an ejectment against the purchaser at the sheriff's sale.

Where a mortgagee claims that the mortgage covered a particular lot, although it did not so appear on the face of the mortgage, the mortgagor cannot, by a confession of judgment in ejectment and proceedings thereunder, deliver possession of the lot to the mortgagee so as to defeat the right of an execution creditor of his own who had already levied upon the lot.

Argued Feb. 13, 1899. Appeal, No. 232, Jan. T., 1898, by defendant, from judgment of C. P. Schuylkill Co., May T., 1896, No. 429, on verdict for plaintiff. Before STERRETT, C. J., McCOLLUM, MITCHELL and FELL, JJ Affirmed.

Ejectment for two lots of ground in Tower City.   Before
ENDLICH, J.

  The facts appear by the opinion of the Supreme Court.
  The court gave binding instructions for plaintiff as to lot No. 3.
  Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

  *A. W. Schalck*, with him *E. P. Leuschner*, for appellant.—
All that the purchaser at the sheriff's sale acquired was literally
and simply only Keilman's " right, title and interest " in the
premises, which simply was the right of a mortgagor who is out
of possession to redeem the property from the mortgagee who
is in possession, by paying to the mortgagee the amount of the
mortgage debt, with interest, for thus only, and in no other
way, could the mortgagor, or the purchaser of his interest at
that sheriff's sale, put himself in a position to reclaim the pro
perty: Dunlap v. Cook, 18 Pa. 454; Young v. Algeo, 3 W'atts
223; Yost v. Brown, 5 Pa. C. C. R. 526.
  The right of the mortgagee to maintain ejectment, and that
the remedy by scire facias is not exclusive, is affirmed in Tryon
v. Munson, 77 Pa. 263, Smith v. Shuler, 12 S. & R. 240,  Fluck
v. Replogle, 13 Pa. 405, and Martin v. Jackson, 27 Pa. 504.

  *George J. Wadlinger*, with him *Charles A. Snyder* and *W. D.
Seltzer*, for appellee.—The action of ejectment is a possessory
action in which the right of possession, and not that of pro-
perty, is tried: Stahle v. Spohn, 8 S. & R. 317.
  An execution levied upon land in the debtor's possession,
passes the right to his possession, even without title: Scheetz
v. Fitzwater, 5 Pa. 126, 132.   That right alone will support an
action of ejectment by the purchaser: Snavely v. Wagner, 3
Pa. 275.   Nor, since the debtor's possession at the time of
levy, consummated by a sale, is regarded as transferred to the
vendee by relation to the levy, or further back, as a quasi land-
lord of the debtor, can the latter, after levy, transfer his posses-
sion, as against the creditor, to a third party, even the real
owner, or such transferree defend, in an ejectment by the sher-
iff's vendee, upon the ground of such transfer: Stahle v. Spohn,

8 S. & R. 317; Dunlap v. Cook, 18 Pa. 454, 457; Ferris v. Irons, 83 Pa. 179, 182; Hendrick's App., 103 Pa. 358.

OPINION BY MR. JUSTICE McCOLLUM, February 26, 1900:

The plaintiff brought this action of ejectment to obtain possession of lots Nos. 2 and 3 in block 74 on the map or plan of Tower City, as laid out for the owners in 1868. At the close of the evidence introduced on the trial of the case the court charged the jury that as to lot No. 3 their verdict should be for the plaintiff, and referred the evidence relating to the ownership of lot No. 2 to the jury, with instructions to carefully consider the same and ascertain therefrom the controlling facts respecting said ownership, and to render a verdict in accordance therewith. The verdict rendered as to lot No. 2 was in favor of the defendants, and the verdict rendered as to lot No. 3 was in favor of the plaintiff. Judgments were respectively entered on the verdicts.

Augusta Driesigacker, claiming title and a right to possession to lot No. 3, appealed from the judgment entered on the verdict in favor of the plaintiff. The basis of her claim is a loan of $600 to George W. Keilman on September 23, 1893, which she alleges was secured the same day by a mortgage on lot No. 3, although it appears on the face of the mortgage that it covered lot No. 8 in block 73 and not lot No. 3 in block 74. On June 28, 1895, it was agreed between Augusta Driesigacker and George W. Keilman that an amicable action of ejectment and confession of judgment therein be entered in favor of the plaintiff and against the defendant, which agreement was complied with on June 29, 1895, and included lot No. 3 in block 74. It was also provided in the agreement that a writ of habere facias possessionem should forthwith issue for the delivery of the possession of lot No. 3 in block 74 to Augusta Driesigacker, which writ was issued and executed on July 1, 1895.

In 1894, George W. Keilman, who was then "a bottler by trade," executed a bond in the sum of $500 to secure Christian Feigenspan for such credit as he might extend to Keilman in the business transactions between them. A judgment was entered on the bond and on April 5, 1895, Feigenspan issued a writ of fieri facias thereon and levied, inter alia, upon all the right, title and interest of Keilman in lots Nos. 2 and 3 in block

74. On May 29, 1895 the property levied upon was condemned and a vend. ex. was issued to No. 89 of July term, 1895, on which on July 6, 1895, the property was sold by the sheriff and purchased by Feigenspan, who received a sheriff's deed of the same on the first of September, 1895, and on April 20, 1896, instituted his action of ejectment for the possession of lots Nos. 2 and 3 in block 74. The results of the trial in the court below have been previously stated herein.

It is apparent that the summary proceedings agreed upon between Augusta Driesigacker and George W. Keilman were intended to prevent Feigenspan from obtaining possession of lot No. 3, and they evidently supposed they could accomplish their purpose by transferring possession of the lot to Augusta Driesigacker before the sale of it upon Feigenspan's judgment. The proceedings, however, were not available for the accomplishment of their purpose. " After a levy upon real property in possession of a debtor, he cannot with a view to defeat the creditor transfer the possession even to the real owner, who must pursue his title by an ejectment against the purchaser at the sheriff's sale: " Stahle v. Spohn, 8 S. & R. 317. "In an ejectment by the vendee at sheriff's sale, the defendant, as whose property the premises were sold, cannot set up title under a lease taken by him from a third person, after the judgment under which the premises were sold was obtained and execution thereon levied on the premises in dispute: " Dunlap v. Cook, 18 Pa. 454. See also Eisenhart et al. v. Slaymaker, 14 S. & R. 153. Other cases in the same line as those referred to might be cited, but it is not deemed necessary to specifically refer to them.

We have carefully considered all the rulings which are specified in the assignments of error and have failed to discover in them any cause for reversing the judgment. The assignments are therefore dismissed.

Judgment affirmed.